UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROGER BELANGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15-cr-00072-JDL-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 626.) Following a jury trial, Petitioner was convicted of conspiracy to distribute cocaine and oxycodone and of using or maintaining a drug involved residence; the Court sentenced Petitioner to 132 months in prison. (Judgment, ECF No. 535.) The First Circuit affirmed the conviction and sentence. *United States v. Belanger*, 890 F.3d 13 (1st Cir. 2018).

Petitioner claims his counsel was constitutionally ineffective for failing to: raise certain objections, present exculpatory evidence, research relevant legal issues, rebut the witnesses against Petitioner, and challenge a sentencing enhancement. (Motion at 1–2.) The Government requests dismissal of the motion because Petitioner has not shown that his counsel performed deficiently or that Petitioner was prejudiced by any of his counsel's decisions. (Response, ECF No. 633.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner owned and operated an automotive repair and towing company which also served as a distribution center for a drug conspiracy beginning at least as early as 2002. Some of Petitioner's employees and his daughter, Kelli Mujo, served as subordinates in the drug ring. The participants moved controlled substances to Maine from a supplier in Rhode Island. Mujo began taking more of a leadership role in 2003. In 2005, Petitioner moved to California.

After the supplier in Rhode Island was arrested, Mujo obtained another supplier. In 2009, Petitioner returned to Maine from California and again began participating in the operation with many of the same participants. Federal law enforcement agents obtained wiretaps and recorded numerous conversations between and among the conspirators, who used code names for controlled substances, such as "blueberries," "muffins," "oranges," "uptown," and "wheels." In November 2014, law enforcement stopped Petitioner's car, after which Petitioner called Mujo to tell her that he "put everything into hiding" and warned her to "hide her stuff." Federal agents later found electronic scales and nearly $7,000 in cash in Petitioner's home but did not find any drugs.

In April 2015, Petitioner was indicted on one count of conspiracy to distribute or possess with intent to distribute cocaine and oxymorphone in violation of 21 U.S.C. §§ 848 and 841(a)(1) and one count of maintaining a drug involved residence in violation of 21

U.S.C. § 856(a)(1) and 18 U.S.C. § 2.  (Indictment at 1–3, ECF No. 3.)  In August 2016, Petitioner and Mujo were tried jointly before a jury.  (ECF Nos. 352–63.)  The jury found Petitioner guilty on both counts and determined that the confiscated cash constituted proceeds from the conspiracy.  (Jury Verdict Form, ECF No. 367; Forfeiture Verdict Form, ECF No. 368.)

Petitioner's guideline sentencing range was 235 to 293 months imprisonment.  (Sentencing Transcript at 38, ECF No. 555.)  In April 2017, the Court sentenced Petitioner to a variant sentence of 132 months in prison.  (Judgment, ECF No. 535.)  Petitioner challenged on appeal: (1) the admissibility of law enforcement testimony interpreting coded language during recorded phone conversations, (2) whether there were actually two separate conspiracies, the first of which was barred by the statute of limitations, (3) the Court's decision not to give a requested jury instruction on multiple conspiracies, (4) the propriety of the Government's analogy during closing arguments describing the requirements of withdrawing from a conspiracy, and (5) the application of the sentencing enhancement for a leadership role in the conspiracy.  *United States v. Belanger*, 890 F.3d 13 (1st Cir. 2018).  In May 2018, the First Circuit affirmed.  *Id.* at 17, 36.

## DISCUSSION

**A.    Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence

"is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on

5

its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.     Ineffective Assistance of Counsel**

    **1.     Lack of Objections at Trial**

Petitioner argues his counsel was ineffective because he failed to object enough at trial. Petitioner, however, does not explain precisely which objections counsel failed to make. The record shows that counsel raised numerous objections during the course of the trial. On appeal, the First Circuit analyzed several of Petitioner's arguments based on plain error review due to lack of objections, which issues included the prosecutor's closing argument about withdrawing from a conspiracy, *Belanger*, 890 F.3d at 34–35, and a federal agent's testimony about the coded language used in certain recorded phone conversations, *id.* at 24–29.

Petitioner has not demonstrated that the counsel's performance was substandard, including on the issues reviewed by the First Circuit for clear error. For instance, Petitioner has failed to demonstrate that the jury would be confused such that the Government's analogy required an objection during closing arguments. Petitioner also cannot show prejudice from the lack of an objection because the Court properly instructed the jury on the alternate means of withdrawal and explained to the jury that its instructions control to the extent there is any discrepancy between its instructions and the parties' arguments. Regarding the testimony interpreting the conspirators' code, after the Court overruled his initial objection to the testimony, counsel's decision not to continue to object to the testimony cannot reasonably be considered substandard. Petitioner has not established that the Court would have or should have sustained any of the objections or that a sustained objection would have produced a different result.

Petitioner, therefore, is not entitled to relief on his claim that counsel was ineffective for declining to object further.

### 2. Exculpatory Evidence and Defense Witnesses

Petitioner asserts that his counsel provided ineffective assistance by failing to pursue exculpatory evidence or to call any witnesses to testify in his defense. The only evidence or witnesses that Petitioner identifies relates to his argument that the nearly $7,000 in cash was from the sale of a tractor and was not proceeds of drug trafficking. Although counsel raised the issue at sentencing, it did not challenge the money at trial and did not contest the issue at the forfeiture hearing. First, the record lacks any persuasive evidence to support Petitioner's claim as to the source of the funds. In addition, even if the money was from

another source, the decision not to pursue the issue at trial appears to be a reasonable tactical decision because the cash dispute would not have generated any doubt about the evidence of Petitioner's involvement in the drug operation.  It was, therefore, reasonable for counsel to focus the defense on challenging the cooperating witnesses' credibility and on questioning the meaning of the ambiguous language in the phone calls.  Because Petitioner has not established a reasonable likelihood of a different sentence or of the jury reaching a different conclusion, Petitioner was not prejudiced by the decision.

In short, Petitioner's argument concerning exculpatory evidence and defense witnesses is unconvincing.

### 3.     **Multiple Conspiracies and Withdrawal**

Petitioner claims his counsel provided ineffective assistance because he failed to research and discover certain cases considering multiple conspiracies and withdrawal from conspiracies. The record establishes that defense counsel presented considerable argument on those issues at trial and on direct appeal.  The jury and the courts were simply not persuaded.  Petitioner believes that if his attorney had researched the issues further, he would have discovered additional relevant authority.  The cases Petitioner cites, however, including *U.S. v. David*, 940 F.2d 722 (1st Cir. 1991), *U.S. v. Hart*, 933 F.2d 80 (1st Cir. 1991), and *U.S. v. Glenn*, 828 F.2d 855 (1st Cir 1987), do not undermine the decisions in this case concerning the existence of a single ongoing conspiracy and Petitioner's participation in that single conspiracy during two periods of time.  The additional cases do not create a reasonable likelihood that the jury, this Court, or the First Circuit would have reached a different conclusion if counsel had presented additional or alternative arguments.

8

Accordingly, Petitioner has not established that counsel performed deficiently or that Petitioner was prejudiced by counsel's decisions regarding the issues of withdrawal and multiple conspiracies.

### 4. Informant Testimony

Petitioner contends his attorney provided ineffective assistance by failing to depose and adequately impeach certain government witnesses. The record shows, however, that counsel for both Petitioner and Mujo cross-examined the government witnesses and pointedly challenged their credibility at trial, at sentencing, and on appeal. Petitioner highlights several additional ways in which one particular witness could have been impeached. The witness claimed to have seen the coconspirators jack up a Ford Mustang and remove the gas tank to retrieve hidden drugs. Petitioner argues that the vehicle's gas tank is removed through the trunk, rather than from below. Even if Petitioner is correct about such an inconsistency, he has not established that counsel performed deficiently by attacking the witnesses' credibility in other ways, or that there was a reasonable likelihood of a different result if counsel had raised an additional basis for impeachment.

The fact that the jury and the courts were ultimately unpersuaded by counsel's challenges to the witnesses' credibility and the fact that Petitioner can point to other potential inconsistencies in the witnesses' testimony does not mean that counsel's performance was deficient or that Petitioner was prejudiced by counsel's performance. *See Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994) ("the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense"). Petitioner is

not entitled to relief on his ineffective assistance of counsel claim concerning the impeachment of certain informants and other Government witnesses.

### 5. Leadership Enhancement

Petitioner argues his counsel was ineffective because he did not challenge the leader or organizer enhancement, U.S.S.G. § 3B1.1(a), which was used to calculate his guideline sentencing range. Petitioner's claim fails because the record shows that counsel did object to the application of the leader or organizer enhancement. Petitioner's argument is based on his conclusion that there were two separate conspiracies, the first of which allegedly ended when he moved to California, and the second of which began when he returned. Petitioner asserts that his prosecution for the first conspiracy, which he led and organized, was barred by the statute of limitations, and he contends he was not a leader or organizer in the second conspiracy.

This argument necessarily fails because the jury and the courts properly rejected Petitioner's underlying premise of two separate conspiracies. Petitioner has not shown that the enhancement was improper based on his leadership role during the early years of the conspiracy. Furthermore, although the Court departed downward from the guideline sentence range, Petitioner rests his prejudice argument on the conclusion that his sentence would have been even lower without the enhancement because if the guideline range was lower, the Court might have departed downward further by the same amount. The Court affirmatively answered that question, however, by concluding that it would have imposed the same sentence regardless of whether the enhancement applied. (Sentencing Transcript

10

at 48, ECF No. 555.) Petitioner thus cannot show prejudice from the leader or organizer enhancement.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of April, 2020